# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| United States of America, | : | |
| | : | |
| v. | : | Criminal Case No. 3:17-cr-150 (VAB) |
| | : | |
| Joel Cordero and Gabriel Cordero, *et al.*, | : | |
| | : | |

## POST-*CURCIO* HEARING RULING

On September 17, 2018, this Court held a hearing to determine whether two of the defendants in this multi-defendant criminal case, Joel Cordero and Gabriel Cordero ("Defendants") were waiving their right to be represented by separate counsel—and therefore to have conflict-free representation—knowingly and intelligently. *See United States v. Curcio*, 680 F.2d 881, 888 (2d Cir. 1982) (when a trial court detects a potential conflict, it must "alert the defendants to the substance of the dangers of representation by an attorney having divided loyalties," and, if the defendant wishes to continue to be represented by the attorney with a potential conflict, trial court must "assess whether the request is, as to each defendant, knowing and intelligent").

On July 18, 2017, Defendants were both arraigned on Count One of the Indictment for Conspiracy to Distribute and to Possess with Intent to Distribute Heroin and Fentanyl in violation of 21 U.S.C. §§ 841(b)(1)(A)(vi). ECF No. 29.

Joel Cordero was arraigned on several additional counts: Count Twelve, Possession with Intent to Distribute Heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(i), and 18 U.S.C. § 2; Counts Thirteen and Fourteen, Possession with Intent to Distribute and Distribution of Heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and 18, U.S.C. § 2; Count Fifteen, Possession with Intent to Distribute and Distribution of Heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); Count Twenty, Possession with Intent to Distribute Heroin in

violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(i), and 18 U.S.C. § 2; and Count Twenty-Four, Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18, U.S.C. §§ 924(c)(1)(A) and 924(c)(2).

Gabriel Cordero was arraigned on a different set of additional counts: Count Seven, Possession with Intent to Distribute and Distribution of Heroin and Fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); Count Eight, Possession with Intent to Distribute and Distribution of Heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); Count Nine, Possession with Intent to Distribute and Distribution of Heroin and Fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); Count Ten, Possession with Intent to Distribute and Distribution of Heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); Count Eleven, Possession with Intent to Distribute and Distribution of Heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and 18 U.S.C. § 2. Count Sixteen, Possession with Intent to Distribute Heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(i), and 18 U.S.C. § 2; Count Eighteen, Possession with Intent to Distribute Heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(i), and 18 U.S.C. § 2; Count Twenty-One, Possession with Intent to Distribute Heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); Count Twenty-Two, Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. §§ 924 (c)(1)(A) and 924(c)(2); and Count Twenty-Three, Possession with Intent to Distribute Heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

Both defendants entered a plea of not guilty and remain in custody at this time.

Several months later, Mr. Calcagni entered an appearance in January 2018 on behalf of Joel Cordero. ECF No. 152. Gabriel Cordero remained represented by a federal public defender,

Ross Daniel Thomas. On June 5, 2018, however, Gabriel Cordero moved to have Mr. Thomas withdraw as his attorney and replace him with another attorney from the Criminal Justice Act ("CJA") panel. ECF No. 230. The Court granted that motion on June 25, 2018. ECF No. 234. Michael Gerard Dolan, Esq. was then appointed from the CJA panel to represent Gabriel Cordero.

On July 15, 2018, Mr. Calcagni entered a new appearance in the case on behalf of Gabriel Cordero. ECF No. 240. Mr. Dolan did not object or otherwise move with respect to Mr. Calcagni's appearance on his client's behalf.

A district court in the Second Circuit has an obligation first, when alerted to a potential conflict of interest, to "investigate the facts and details of the attorney's interest to determine whether the attorney in fact suffers from an actual conflict, a potential conflict, or no genuine conflict." *United States v. Levy*, 25 F.3d 146, 153 (2d Cir. 1994). If that investigation reveals a conflict so severe that "no rational defendant would knowingly and intelligently desire the conflicted lawyer's representation," the court must disqualify the lawyer. *Id.* If, however, the investigation reveals a "lesser or only a potential conflict—such that a rational defendant could knowingly and intelligently desire the conflicted lawyer's representation" the court should hold a hearing under *Curcio* to "obtain directly from the defendant a valid waiver of his right to a non-conflicted lawyer." *Id.*; *see also Curcio*, 680 F.2d at 888-90.

The Court determined that Mr. Calcagni's potential conflict in his representation of Defendants to be a "lesser or only a potential conflict" and therefore scheduled a *Curcio* hearing to determine whether Mr. Calcagni's representation of both defendants created an actual or potential conflict of interest and, if so, whether Defendants knowingly and intelligently waived

their right to conflict-free representation under the Sixth Amendment. ECF No. 278; *see United States v. Kliti*, 156 F.3d 150, 153 (2d Cir. 1998) (purpose of *Curcio* hearing in the face of "an actual or potential conflict of interest" is to determine whether the "defendant will knowingly and intelligently waive his right" to conflict-free representation); *Curcio*, 680 F.2d at 884 ("[A] criminal defendant has not only a constitutional right to an attorney who has no conflict of interest but also a right—of constitutional dimension, although not absolute—to counsel of his own choosing.").

Gabriel Cordero testified through an interpreter, outside of the presence of his brother, Joel Cordero. The Court found, based on his testimony, that he was knowingly, intelligently and voluntarily waiving his right to conflict-free representation. Joel Cordero then testified without the aid of an interpreter. The Court again found, based on his testimony, that he was knowingly, intelligently and voluntarily waiving his right to conflict-free representation.

Mr. Calcagni also submitted notices of advice and waiver of conflict of interest signed by both Defendants, dated July 3, 2018. ECF Nos. 285–86. Defendants were also informed by the Court about the potential that Mr. Calcagni's role as both of their attorneys could create a conflict if they decided to take different positions about how to proceed later in the case. The Court is satisfied that Defendants understood the nature of this potential conflict and waived the right to conflict-free representation with their eyes wide open.

The Court also explained to Defendants that it could appoint new counsel, if necessary. After speaking with him, the Court determined that Defendants each had the capacity to make the decision to waive their rights to conflict-free representation. Both then waived their right to conflict-free representation and chose to continue to be represented by Mr. Calcagni.

The Court therefore has determined that Gabriel Cordero and Joel Cordero knowingly, intelligently, and voluntarily decided to waive their rights to conflict-free representation and wish to be represented by Mr. Calcagni. *See Levy*, 25 F.3d at 153 ("If the court's inquiry reveals that there is no genuine conflict at all, the court has no further obligation.").

Because Gabriel Cordero retained Mr. Calcagni, he does not have the right to be additionally represented by a CJA panel attorney. The Clerk of the Court is directed to terminate Mr. Dolan's representation of him in this case.

From this point forward, both Gabriel Cordero and Joel Cordero will be represented by Mr. Calcagni.

SO ORDERED at Bridgeport, Connecticut this 19th day of September, 2018.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE