## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff*,<br><br>v.<br><br>JOEL CORDERO,<br>*Defendant.* | No. 3:17-cr-00150-VAB-1 |

## RULING AND ORDER ON PENDING MOTIONS

Joel Cordero, along with thirteen co-defendants, has been charged in a multi-count Indictment with crimes related to the possession and distribution of narcotics. Indictment, ECF No. 14 (July 12, 2017) ("Indictment").

In advance of trial, Mr. Cordero has filed motions to dismiss the charges against him in part or in full. *See* Mot. to Dismiss, 18 U.S.C. § 924(c)(1)(A), ECF No. 876 (Mar. 18, 2022); Mot. to Bar Prosecution, ECF No. 886 (Mar. 23, 2022); Mot. to Bar Prosecution, ECF No. 895 (Apr. 8, 2022); Mot. to Bar Prosecution, ECF No. 896 (Apr. 8, 2022); Mot. to Establish, ECF No. 898 (Apr. 8, 2022); Mot. to Establish, ECF No. 899 (Apr. 8, 2022); Mot. to Bar Prosecution, ECF No. 900 (Apr. 8, 2022); Mot. to Dismiss, ECF No. 935 (July 8, 2022); Mot. to Establish, ECF No. 936 (July 8, 2022).

Mr. Cordero also has filed a motion for clarification, Mot. for Clarification, ECF No. 885 (Mar. 23, 2022); motion to bar circumstantial evidence, Mot. to Bar Circumstantial Evid., ECF No. 897 (Apr. 8, 2022); and motion for transfer to a different correctional facility, Mot. for Court Permission, ECF No. 934 (July 8, 2022).

For the following reasons, the [876], [898], [899], [935], and [936] motions to dismiss; [885] motion for clarification; [886], [895], [896], and [900] motions to bar prosecution; [897]

1

motion to bar circumstantial evidence; and [934] motion for transfer to a different correctional facility are **DENIED**.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

This case involves an alleged drug trafficking conspiracy allegedly operated in the District of Connecticut and elsewhere, resulting in the indictment of fourteen defendants,[1] including Mr. Cordero.[2] *See* Indictment.

On June 29, 2017, Mr. Cordero was arrested on a warrant and complaint charging him with conspiracy to possess with intent to distribute and to distribute heroin, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and possession with intent to distribute and distribution of heroin, in violation of 21 U.S.C. § 841(a)(1). Criminal Compl., ECF No. 1 (June 29, 2017); Arrest Warrant, ECF No. 5 (June 29, 2017).

On July 12, 2017, a grand jury returned an indictment against Mr. Cordero and thirteen alleged co-conspirators. Indictment. The Indictment charges Mr. Cordero in the following counts: (1) one count of conspiracy to distribute and to possess with intent to distribute heroin and fentanyl in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i), 841(b)(1)(A)(vi), and 846 (Count One); (2) one count of possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(i) and 18 U.S.C. § 2 (Count Twelve); (3) three counts of

---

[1] As of the date of this Ruling and Order, all of the defendants other than Mr. Cordero have pled guilty. *See* Plea Agreement, ECF No. 110 (Oct. 13, 2017) (Jeffrey Vanmourik); Plea Agreement, ECF No. 204 (May 2, 2018) (Henry Caraballo); Plea Agreement, ECF No. 209 (May 11, 2018) (Fernando Tolentino); Plea Agreement, ECF No. 216 (May 23, 2018) (Gisel De La Cruz); Plea Agreement, ECF No. 269 (Aug. 6, 2018) (Jonathan Velez); Plea Agreement, ECF No. 318 (Nov. 6, 2018) (Anthony Acosta); Plea Agreement, ECF No. 417 (Sept. 17, 2019) (Angel DeJesus-Concepcion); Plea Agreement, ECF No. 450 (Dec. 9, 2019) (Alexander Pena); Plea Agreement, ECF No. 454 (Dec. 10, 2019) (Amarilis Pirela); Plea Agreement, ECF No. 638 (Dec. 14, 2020) (Daily Pena Rijo); Plea Agreement, ECF No. 784 (Oct. 15, 2021) (Edwin Reyes); Plea Agreement, ECF No. 794 (Dec. 2, 2021) (Angel Rijo-Castillo); Plea Agreement, ECF No. 889 (Mar. 24, 2022) (Gabriel Cordero).

[2] Both Joel Cordero and Gabriel Cordero are charged in the Indictment. *See* Indictment. As Gabriel Cordero has entered a guilty plea, *see* Plea Agreement, ECF No. 889 (Mar. 24, 2022), and does not challenge the Indictment, the Court refers only to Joel Cordero as "Mr. Cordero" in this Ruling and Order.

possession with intent to distribute and distribution of heroin in violation of 21 U.S.C. §§
841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2 (Counts Thirteen, Fourteen, and Fifteen); (4) one
count of possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and
841(b)(1)(A)(i) and 18 U.S.C. § 2 (Count Twenty); and (5) one count of possession of a firearm
in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(2)
(Count Twenty-Four). Indictment ¶¶ 1–6, 17–20, 25, 29.

On July 18, 2017, Mr. Cordero pled not guilty at his arraignment. Min. Entry, ECF No.
29 (July 18, 2017).

On August 31, 2017, the Court held a scheduling conference with Mr. Cordero and his
co-defendants, during which the Court scheduled jury selection for May 7, 2018. Min. Entry,
ECF No. 75 (Aug. 31, 2017).

Following several continuances to allow time for Mr. Cordero and his co-defendants to
prepare for trial or otherwise engage in plea negotiations, and in part due to Mr. Cordero's
repeated retention of new counsel, *see, e.g.*, Order, ECF No. 248 (July 25, 2018); Order, ECF
No. 327 (Nov. 16, 2018); Order, ECF No. 410 (Aug. 28, 2019); Order, ECF No. 617 (Oct. 30,
2020); Order, ECF No. 714 (Apr. 20, 2021); Order, ECF No. 773 (Oct. 1, 2021); Order, ECF No.
815 (Jan. 9, 2022), the Court scheduled jury selection to begin on August 1, 2022, with trial to
begin immediately thereafter, Min. Entry, ECF No. 884 (Mar. 23, 2022).

On March 23, 2022, the Court also took under advisement Mr. Cordero's pending motion
to proceed *pro se* and the pending motion to withdraw as counsel, *see* Mot. to Proceed *Pro Se* or
in the Alternative Dismiss Att'y of Record, ECF No. 831 (Feb. 17, 2022); Mot. to Withdraw as

Counsel for the Def. Joel Cordero *a/k/a* Domi, ECF No. 838 (Feb. 23, 2022), and permitted Mr.

Cordero to file his pre-trial motions *pro se*,[3] Min. Entry, ECF No. 884 (Mar. 23, 2022)

Between March 18, 2022 and April 8, 2022, Mr. Cordero filed the following pre-trial

motions *pro se*: (1) a motion to dismiss Count Twenty-Four of the Indictment, Mot. to Dismiss

18 U.S.C. § 924(c)(1)(A), ECF No. 876 (Mar. 18, 2022) ("First Mot. to Dismiss"); (2) a motion

for clarification, Mot. for Clarification, ECF No. 885 (Mar. 23, 2022) ("Mot. for Clarification");

(3) a motion to bar prosecution, Mot. to Bar Prosecution, ECF No. 886 (Mar. 23, 2022) ("First

Mot. to Bar Prosecution"); (4) a second motion to bar prosecution, Mot. to Bar Prosecution, ECF

No. 895 (Apr. 8, 2022) ("Second Mot. to Bar Prosecution"); (5) a third motion to bar

prosecution, Mot. to Bar Prosecution, ECF No. 896 (Apr. 8, 2022) ("Third Mot. to Bar

Prosecution"); (6) a motion to bar circumstantial evidence, Mot. to Bar Circumstantial Evid.,

ECF No. 897 (Apr. 8, 2022) ("Mot. to Preclude Evid."); (7) a motion to establish double

jeopardy, Mot. to Establish, ECF No. 898 (Apr. 8, 2022) ("First Mot. to Establish"); (8) a motion

to establish that 21 U.S.C. § 841(b)(1)(A) is as a separate offense from 21 U.S.C. § 841(a), Mot.

to Establish, ECF No. 899 (Apr. 8, 2022) ("Second Mot. to Establish"); and (9) a fourth motion

to bar prosecution, Mot. to Bar Prosecution, ECF No. 900 (Apr. 8, 2022) ("Fourth Mot. to Bar

Prosecution").

On May 27, 2022, the Government filed a memorandum in opposition to Mr. Cordero's

pre-trial motions. Gov't's Omnibus Opp'n to Def. Joel Cordero's Pre-Trial Mots., ECF No. 923

(May 27, 2022) ("Gov't Opp'n").

---

[3] On March 18, 2022, the Court scheduled a change of plea hearing for March 23, 2022, after being notified by Mr. Cordero's counsel that Mr. Cordero intended to enter a guilty plea. *See* Notice of E-Filed Calendar, ECF No. 874 (Mar. 18, 2022). On March 23, 2022, Mr. Cordero indicated that he did not intend to plead guilty. The Court then conducted a colloquy with the parties regarding the pending motion to proceed *pro se* and motion to withdraw as counsel. *See* Min. Entry, ECF No. 884 (Mar. 23, 2022); *see also* Mot. to Proceed *Pro Se* or in the Alternative Dismiss Att'y of Record, No. 831 (Feb. 17, 2022); Mot. to Withdraw as Counsel for the Def. Joel Cordero *a/k/a* Domi, ECF No. 838 (Feb. 23, 2022).

On July 8, 2022, Mr. Cordero filed three additional motions: (1) a motion to be transferred to a different correctional facility, Mot. for Court Permission, ECF No. 934 (July 8, 2022) ("Mot. for Transfer"); (2) a motion to dismiss, Mot. to Dismiss, ECF No. 935 (July 8, 2022) ("Second Mot. to Dismiss"); and (3) a motion to establish that a statutory amendment to 21 U.S.C. § 846 is unconstitutional, Mot. to Establish, ECF No. 936 (July 8, 2022) ("Third Mot. to Establish").

## II.   DISCUSSION

### A.  Motions to Dismiss

The Court construes Mr. Cordero's pre-trial motions to dismiss, motions to bar prosecution, and motion for clarification as motions to dismiss the Indictment or one or more of the charges in the Indictment against him. In his motions, Mr. Cordero argues that the Indictment should be dismissed because: (1) the Indictment charges him twice for the same offense, in violation of the Double Jeopardy Clause and nondelegation doctrine; (2) the conspiracy charge in Count One violates the Due Process Clause; (3) 21 U.S.C. § 846 is an unconstitutional bill of attainder; (4) the Indictment does not charge Mr. Cordero with an overt act; (5) 21 U.S.C. § 862(a)(1)(C) renders 21 U.S.C. § 846 unconstitutional; (6) 21 U.S.C. § 841(b)'s penalty provisions do not apply to an offense under 21 U.S.C. § 841(a); and (7) the Indictment fails to allege a sufficient basis for the firearm charge in Count Twenty-Four.[4]

Because Mr. Cordero's motions contain overlapping arguments, the Court will address each issue in turn.

---

[4] Mr. Cordero further argues that the Court may not sentence him to a special enhancement penalty under 21 U.S.C. § 841(b)(1)(A) because the Government failed to file a notice under 21 U.S.C. § 851. Second Mot. to Dismiss. As Mr. Cordero has not entered a guilty plea in this case, *see* Min. Entry, ECF No. 884 (Mar. 23, 2022) (scheduling jury selection for August 1, 2022), the Court will not consider Mr. Cordero's arguments with respect to sentencing unless, and until, there is a conviction on one or more of the charges in the Indictment against him. Accordingly, the motion is denied, without prejudice to renewal.

### 1.  Double Jeopardy Clause

The Double Jeopardy Clause of the Fifth Amendment provides that a person shall not "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. "The Clause protects against both a subsequent prosecution for the same offense after acquittal or conviction as well as multiple punishments for the same offense." *United States v. Hernandez-Fundora*, 58 F.3d 802, 805 (2d Cir. 1995) (internal citation and quotation marks omitted), *cert. denied*, 515 U.S. 1127 (1995).

Mr. Cordero moves to dismiss one or more of the charges against him in the Indictment on the grounds that he has been charged "twice for the same offense." First Mot. to Establish at 2 ("[T]he double jeopardy clause and due process mandates that both offenses 21 U.S.C. [§] 841(a)(1) and [§] 846 connote[] the same offense because both offenses are governed by the same identical [§] 841(b) penalty provision[.]" (emphasis omitted)). Specifically, Mr. Cordero argues that because 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846 are governed by the same penalty provision, they are the same offense. *See, e.g.*, *id.* at 13 ("[T]he government can no longer protest to the courts that [the] [§] 846 conspiracy offense and [§] 841 [ ] possession of narcotics offense connote[] separate and distinct offenses when the penalty provision dictates the outcome of both statutory offenses . . . .").

The Government argues that there is no Double Jeopardy violation, as 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846 each "requires proof of an element that the other does not." Gov't Opp'n at 9.

The Court agrees.

"Where there has been no prior conviction or acquittal, the Double Jeopardy Clause does not protect against simultaneous prosecutions for the same offense, so long as no more than one

punishment is eventually imposed." *United States v. Josephberg*, 459 F.3d 350, 355 (2d Cir. 2006). Thus, "the Double Jeopardy Clause is not implicated when a defendant faces charges under two separate statutes for the same offense," but has not been punished multiple times for that offense. *United States v. Murtic*, No. 3:21-CR-00186 (SALM), 2022 WL 2116670, at *2 (D. Conn. June 13, 2022) (emphasis omitted) (citing *Josephberg*, 459 F.3d at 355). Because Mr. Cordero has not yet been tried on any of the counts for which he is charged in the Indictment, his motion to dismiss the Indictment under the Double Jeopardy Clause must fail.

Even if Mr. Cordero is convicted on both Count One and another count in the Indictment, and is sentenced on each of these counts, he cannot allege a Double Jeopardy Clause violation because 21 U.S.C. § 846 and 21 U.S.C. § 841 are not the same "offense" under the Double Jeopardy Clause. *See Murtic*, 2022 WL 2116670, at *3. "[W]hether two offenses are in fact the same for Double Jeopardy purposes is determined by reference to the so-called 'same elements' test that the Supreme Court established in *Blockburger v. United States*, 284 U.S. 299 (1932)." *United States v. Garavito-Garcia*, 827 F.3d 242, 250 (2d Cir. 2016). This test "asks whether each offense contains an element not contained in the other, and provides that, if not, they are the same offen[s]e and double jeopardy bars additional punishment." *Id.* (internal quotation marks omitted) (quoting *Blockburger*, 284 U.S. at 299). If each statute "requires proof of a fact that the other does not, the *Blockburger* test is satisfied, even if the same proof is used at trial to establish both crimes." *Id*. (internal quotation marks omitted) (quoting *Blockburger*, 284 U.S. at 299).

In this case, the Indictment charges Mr. Cordero in Count One with conspiracy to distribute and to possess with intent to distribute specified amounts of heroin and fentanyl in violation of 21 U.S.C. § 846. Indictment ¶¶ 1–6. Section 846 requires the Government to establish: "(1) the existence of the conspiracy charged; (2) that the defendant had knowledge of

the conspiracy; and (3) that the defendant intentionally joined the conspiracy." *United States v. Barret*, 848 F.3d 524, 534 (2d Cir. 2017) (internal quotation marks omitted) (quoting *United States v. Santos*, 541 F.3d 63, 70 (2d Cir. 2008)). "[A] conviction of a [controlled substances] conspiracy also requires that a jury find, or the defendant himself admit to, the drug-quantity element." *Id.* (internal quotation marks omitted) (quoting *United States v. Adams*, 448 F.3d 492, 499 (2d Cir. 2006)).

To establish a controlled substances conspiracy under 21 U.S.C. § 846, "neither actual possession nor actual distribution is a necessary element of the crime. Only an agreement is necessary." *McIntosh v. United States*, No. 13-CR-00487 (CBA), No. 18-CV-2636 (CBA), 2021 WL 1124722, at *3 (E.D.N.Y. Mar. 24, 2021) (citation omitted). By contrast, a conviction under 21 U.S.C. § 841 requires the Government to establish that the defendant "knowingly and intentionally possessed [the charged substance], and did so with the intent to distribute it." *United States v. Rodriguez*, 392 F.3d 539, 545 (2d Cir. 2004).

In other words, "[a] conviction for the § 846 charge in Count One requires an element not required for the § 841 charges—an agreement—while a conviction on any of the § 841 charges requires an element not charged for the § 846 charge—possession and/or distribution." *Murtic*, 2022 WL 2116670, at *4; *see also Aquino v. United States*, No. 08-CV-8021 (LTS), No. 05-CR-52 (LTS), 2009 WL 1726338, at *3 (S.D.N.Y. June 19, 2009) (holding that counts charging petitioner with conspiring to distribute or possess with intent to distribute at least 50 grams of a mixture or substance containing a detectable amount of cocaine base, and separately with distributing or possessing with intent to distribute at least 50 grams of a mixture or substance containing a detectable amount of cocaine base, "were not improperly multiplicitous"). Thus, the Indictment does not violate the Double Jeopardy Clause. *See United States v. Felix*, 503 U.S.

378, 389 (1992) ("[A] substantive crime and a conspiracy to commit that crime are not the 'same offence' for double jeopardy purposes."); *United States v. Calderone*, 982 F.2d 42, 48 (2d Cir. 1992) ("In light of *Felix*, and since no element of the possession counts requires proof of a conspiracy that is barred by the double jeopardy protection, there is no obstacle to prosecution on [the counts] charging possession of heroin with intent to distribute.").

Mr. Cordero argues that the Government may not charge him with a conspiracy offense under 21 U.S.C. § 846 because § 846, unlike 21 U.S.C. § 841, does not prescribe a penalty for the possession and distribution of a controlled substance. *See, e.g.*, Second Mot. to Bar Prosecution at 3 (arguing that Section 846 "requires the government and district court judge to convict a defendant under a separate statute, such as 21 U.S.C. [§] 841"); First Mot. to Establish at 5 ("[21 U.S.C. § 841(b)(1)] does not authorize the government to prosecute . . . the inchoate offense of 21 U.S.C. [§] 846."); *id.* at 12 ("[T]he government's indictment fails to charge the actual criminal conduct that's subject to the penalty under 21 U.S.C. [§] 841(b).").

Section 846 provides, however, that any person who "attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 21 U.S.C. § 846. In this case, the alleged object of the conspiracy charged in Count One is the possession with intent to distribute and the distribution of controlled substances, namely fentanyl and heroin, in violation of 21 U.S.C. § 841(a)(1). Indictment ¶¶ 1–6. Because the alleged underlying offense involves at least 400 grams of fentanyl and at least one kilogram of heroin, Mr. Cordero is subject, if convicted on Count One, to the penalties prescribed in 21 U.S.C. § 841(b)(1)(A).

Accordingly, Mr. Cordero's motion to dismiss the Indictment on this basis will be denied.

### 2. Nondelegation Doctrine

For substantially the same reason, the Indictment also does not violate the nondelegation doctrine. "The nondelegation doctrine bars Congress from transferring its legislative power to another branch of Government." *Gundy v. United States*, 139 S. Ct. 2116, 2121 (2019). "The constitutional question is whether Congress has supplied an intelligible principle to guide the delegee's use of discretion." *Id.* at 2123. As a result, the Court must "constru[e] the challenged statute to figure out what task [the statute] delegates and what instructions it provides." *Id.*

Mr. Cordero argues that the Indictment violates the nondelegation doctrine because the Government seeks to "alter[]" 21 U.S.C. § 846 to incorporate a "distribution of narcotics" offense. First Mot. to Bar Prosecution at 8 (emphasis omitted); *see also* Fourth Mot. to Bar Prosecution at 9–10 ("The non-delegation doctrine bars the 'Executive Branch' from altering Congress [*sic*] Statute 21 U.S.C. [§] 846 [to incorporate] 'distribution of narcotics' into [§] 846 . . . ." (emphasis omitted)).

The Government responds that the nondelegation doctrine does not apply to this case, as 21 U.S.C. § 846 does not delegate "specific legislative power or authority to another branch of government." Gov't Opp'n at 11.

The Court agrees.

21 U.S.C. § 846 is a provision of the Comprehensive Drug Abuse Prevention and Control Act, or Controlled Substances Act, enacted by Congress. The statutory provision does not delegate legislative power to another branch of government, but instead provides that "[a]ny person who attempts or conspires to commit any offense defined [under the Controlled Substances Act] shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 21 U.S.C. § 846.

Accordingly, 21 U.S.C. § 846 does not violate the nondelegation doctrine, and Mr.

Cordero's motion to dismiss Count One on this basis will be denied.[5]

### 3.  Due Process Clause

Mr. Cordero argues that the Government has charged him with a conspiracy offense

under 21 U.S.C. § 846 in an attempt to "convict [him] without a Jury" under 21 U.S.C. §

841(a)(1), in violation of his due process rights. Second Mot. to Bar Prosecution at 2; *see also id.*

at 3 ("Convicting defendant Mr. Cordero for a conspiracy charge under [§] 846 and then passing

a criminal sentence for violating 21 U.S.C. [§§] 841(a)(1)–(b)(1)(A) . . . constitutes a denial of

procedural due process in violation of the Fifth and Fourteenth Amendment."). Mr. Cordero

appears to argue that he has not been charged with or properly indicted for violating 21 U.S.C. §

841(a)(1) and, therefore, he cannot be charged for a conspiracy to distribute controlled

substances under 21 U.S.C. § 846. *See, e.g.*, *id.* at 6–7 ("[21 U.S.C. § 846] does not cover or

criminalize conduct prohibited under 21 U.S.C. [§] 841(a)(1) . . . . Therefore, . . . .the federal

Grand Jury never made a determination to indict Mr. Cordero for being in possession of 1

kilogram or more of heroin."); *id.* at 8 ("[I]t is Unenforceable and Unconstitutional for the

Legislatures/Congress to create a statute such as 21 U.S.C. [§] 846 to . . . prosecute, convict, and

adjudicate a sentence without evidentiary support upon the charged defendant for a violation of

21 U.S.C. [§] 841(a)(1) without a jury.").

---

[5] Mr. Cordero also argues that the Indictment violates the separation of powers because the Government and the courts seek to modify 21 U.S.C. § 846 to include "Distribute/Distribution of Fentanyl/Heroin" in the conspiracy charge. Fourth Mot. to Bar Prosecution at 8–9. This argument is without merit. "The doctrine of separation of powers is concerned with the allocation of official power among the three coequal branches of our Government." *Clinton v. Jones*, 520 U.S. 681, 699 (1997). "Thus, for example, the Congress may not exercise the judicial power to revise final judgments, or the executive power to manage an airport." *Id.* at 699–700 (internal citations omitted). Mr. Cordero makes no such allegation in this case. As described above, Count One of the Indictment does not modify 21 U.S.C. § 846 to charge Mr. Cordero with the possession or distribution of narcotics, but instead alleges that Mr. Cordero intentionally joined a conspiracy to engage in such activity. Accordingly, Mr. Cordero's motion to dismiss the Indictment or bar prosecution on this basis will be denied.

In addition, Mr. Cordero argues that 21 U.S.C. § 846 violates the Due Process Clause because the statute does not give "fair warning" or "due process notice" of the penalties an offender will face or the conduct that it punishes. In Mr. Cordero's view, 21 U.S.C. § 846 is unconstitutional because it requires the Government "to convict a defendant under a separate statute, such as 21 U.S.C. [§] 841[,] without giving the charged defendant due process notice." *Id.* at 3; *see also* First Mot. to Establish at 6 (arguing that the penalty provisions in 21 U.S.C. § 841(b)(1) do "not give 'Fair Notice['] that Inchoate crime [*sic*] conduct constitutes illegal conduct so that an individual may conform his conduct to the requirements of law"); Mot. for Clarification at 3 ("[T]he legislators of the United States must reconstruct the federal drug conspiracy statute 21 U.S.C. § 846 to incorporate drug quantity and type mandatory minimums within the statutory offense itself.").

The Court disagrees.

Contrary to Mr. Cordero's suggestion that he has not been charged or properly indicted under 21 U.S.C. § 841, the Indictment charges Mr. Cordero with possession with intent to distribute and distribution of heroin in violation of 21 U.S.C. § 841(a)(1). *See* Indictment ¶¶ 17–20, 25 (Counts Twelve, Thirteen, Fourteen, Fifteen, and Twenty). For example, Count Twenty alleges that Mr. Cordero and his co-defendant, Anthony Acosta, "did knowingly and intentionally possess with intent to distribute one kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance," in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(i) and 18 U.S.C. § 2. *Id.* ¶ 25. To the extent Mr. Cordero argues that he cannot be charged simultaneously under 21 U.S.C. § 841 for possession with intent to distribute and distribution of heroin, and under 21 U.S.C. § 846 for conspiring to distribute narcotics, his argument fails for the reasons described above.

21 U.S.C. § 846 also provides Mr. Cordero with fair notice of the prohibited conduct. A criminal statute is "impermissibly vague under the Due Process Clause of the Fifth Amendment" when "the statute . . . fails to provide a person of ordinary intelligence fair notice of what is prohibited." *Holder v. Humanitarian L. Project*, 561 U.S. 1, 18 (2010) (internal citation and quotation marks omitted). The inquiry is objective and turns on whether the "law presents an ordinary person with sufficient notice of or the opportunity to understand what conduct is prohibited and proscribed, not whether a particular plaintiff actually received a warning that alerted him or her to the danger of being held to account for the behavior in question." *United States v. Smith*, 985 F. Supp. 2d 547, 587 (S.D.N.Y. 2014), *aff'd sub nom. United States v. Halloran*, 664 F. App'x 23 (2d Cir. 2016) (summary order).

Here, 21 U.S.C. § 846 "provides sufficient definiteness that an ordinary person reading it could comprehend the prohibited conduct—attempting or conspiring to commit any offense defined in its subchapter." *United States v. Brown*, No. 3:17-CR-00055-4 (VLB), 2020 WL 7706606, at *3 (D. Conn. Dec. 29, 2020). The statute also adequately apprises Mr. Cordero that the penalties for such conduct are the same penalties as those prescribed for the object of the conspiracy, or the substantive offense. *Id.* Even if, at the time of the conduct alleged in the Indictment, Mr. Cordero "did not know the nuances of drug conspiracy law," 21 U.S.C. § 846 "is specific enough to put him and others on notice that coordinating with others for the purchase of narcotics is prohibited under the law." *United States v. Best*, No. 3:20-CR-00028 (VAB), 2022 WL 1605495, at *10 (D. Conn. May 20, 2022); *see also Borrero v. United States*, No. 13-CR-0058 (KBF), 17-CV-2834 (KBF), 2018 WL 358921, at *4 (S.D.N.Y. Jan. 10, 2018) ("Neither [21 U.S.C. § 841 nor 21 U.S.C. § 846] denies a defendant fair notice or is subject to arbitrary enforcement" because "[t]ogether, the statutes clearly delineate possession of controlled specific

amount[s] of specific controlled substances as crimes, and they provide specific sentencing minimums."); *United States v. Conlon*, 481 F. Supp. 654, 662 (D.D.C. 1979) (stating that conspiracy is "an offense well known at common law" for requiring an agreement, and is also a "term of art that has a reasonably well-defined and settled meaning known to potential defendants and to the courts").

Accordingly, the Court will not dismiss the Indictment on the basis of Mr. Cordero's constitutional challenge to 21 U.S.C. § 846.[6]

### 4. Bill of Attainder

Article I, Section 9, Clause 3 of the United States Constitution provides, "No Bill of Attainder or ex post facto Law shall be passed." U.S. Const. art. I, § 9, cl. 3. "In its contemporary usage, the Bill of Attainder Clause prohibits any 'law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial.'" *ACORN v. United States*, 618 F.3d 125, 135–36 (2d Cir. 2010) (quoting *Selective Serv. Sys. v. Minn. Pub. Int. Rsch. Grp.*, 468 U.S. 841, 846–47 (1984)). The Supreme Court has identified three elements of an unconstitutional bill of attainder: (1) "specification of the affected persons," (2) "punishment," and (3) "lack of a judicial trial." *Id.* (quoting *Selective Serv. Sys.*, 468 U.S. at 847).

---

[6] To the extent Mr. Cordero seeks clarification of the date and time Congress "create[d] drug quantity and type as an element to [*sic*] 21 U.S.C. § 846," Mot. for Clarification at 4, the motion is denied. A motion for clarification is intended "to resolve alleged ambiguities" in a court's order. *Metcalf v. Yale Univ.*, No. 15-CV-1696 (VAB), 2019 WL 1767411, at *2 (D. Conn. Jan. 4, 2019). Here, Mr. Cordero does not seek clarification of a previous order by the Court, but rather information relating to a congressional statute under which he is charged. As to the substance of Mr. Cordero's motion, neither 21 U.S.C. § 846 nor 21 U.S.C. § 841 "denies [Mr. Cordero] fair notice or is subject to arbitrary enforcement" of the charges against him. *Borrero*, 2018 WL 358921, at *4. Rather, as described above, "§ 841 is specific, and § 846, which criminalizes conspiracy to violate § 841, benefits from § 841's specificity." *Id.* "Together, the statutes clearly delineate possession of controlled specific amount[s] of specific controlled substances as crimes, and they provide specific sentencing minimums." *Id.* Accordingly, Mr. Cordero's motion for clarification with respect to 21 U.S.C. § 846 has no merit and will be denied.

Mr. Cordero argues that 21 U.S.C. § 846 is an unconstitutional bill of attainder because it provides that a person who attempts or conspires to commit an offense "shall be subject to the same penalties as those prescribed for the offense," and therefore "inflicts punishment without a judicial trial." Third Mot. to Establish at 3.

The Court disagrees.

While 21 U.S.C. § 846 prescribes certain penalties for the commission of an offense, § 846 is a criminal statute, and does not provide for the imposition of such penalties unless and until the defendant has pleaded guilty to, or has been tried and convicted of, the charged conspiracy. *See, e.g.*, *United States v. Amadu*, 73 F. App'x 488, 489 (2d Cir. 2003) (summary order) (noting that the defendant was convicted, following a two-week jury trial, of one count of conspiracy to distribute and possess with intent to distribute one or more kilograms of heroin in violation of 21 U.S.C. § 846); *United States v. Morales*, No. 3:94-CR-112 (SRU), 2020 WL 4926609, at *1 (D. Conn. Aug. 20, 2020) (noting that, "following a jury trial that spanned nearly two months," the defendant was found guilty of, *inter alia*, conspiracy to possess with intent to distribute and to distribute heroin, marijuana, cocaine, and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846). Thus, 21 U.S.C. § 846 does not impose punishment without a judicial trial.

Mr. Cordero argues that 21 U.S.C. § 846 "does not allow [him] the constitutional right to prove his case to the jury that [he] never possessed a kilogram or more of heroin with the intent to distribute." Third Mot. to Establish at 8. But 21 U.S.C. § 846 does not require the Government to prove that Mr. Cordero possessed a controlled substance with the intent to distribute. Rather, as described above, to obtain a conviction of Mr. Cordero for the offense charged in Count One, the Government must establish: "(1) the existence of the conspiracy charged; (2) that the

defendant had knowledge of the conspiracy; and (3) that the defendant intentionally joined the conspiracy." *Barret*, 848 F.3d at 534.

To the extent Mr. Cordero argues that he is subject to punishment without trial because he "was never charged for being in violation of 21 U.S.C. [§§] 841(a)(1) and 841(b)(1)(A)," this contention is incorrect. Third Mot. to Establish at 7. In addition to the conspiracy offense charged in Count One, the Indictment charges Mr. Cordero with multiple counts of possession with intent to distribute and distribution of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). *See* Indictment ¶¶ 17–20, 25 (Counts Twelve, Thirteen, Fourteen, Fifteen, and Twenty).

Accordingly, Mr. Cordero's motion to dismiss Count One will be denied.

### 5. Overt Act

Mr. Cordero argues that the conspiracy charge in Count One should be dismissed because the Indictment fails to allege that he committed an "overt act" as an element of the offense. *See, e.g.*, Second Mot. to Bar Prosecution at 12 ("Mr. Cordero's Due process notice requirement has been violated because his charged indictment fails to charge an 'Overt Act' to substantiate the conspiracy under 21 U.S.C. [§] 846."); *id.* at 14 (arguing that the "indictment fails to state a Chargeable offense because [the] federal indictment fails to allege an 'Overt Act'"); Mot. to Preclude Evid. at 11–14 (arguing that to prove an offense under 21 U.S.C. § 846, the Government must prove an overt act in furtherance of the conspiracy).

The Government contends that any claim by Mr. Cordero that the Government must prove an overt act in furtherance of a conspiracy charge under 21 U.S.C. § 846 "is without merit and should be denied." Gov't Opp'n at 12.

The Court agrees.

"In order to establish a violation of 21 U.S.C. § 846, the Government need not prove the commission of any overt acts in furtherance of the conspiracy." *United States v. Shabani*, 513 U.S. 10, 15 (1994); *see also Santos*, 541 F.3d at 71 n.7 ("In contrast to the general conspiracy statute, 18 U.S.C. § 371, which requires the performance of an overt act, no overt act need be alleged or prove as a necessary element of a conspiracy under 21 U.S.C. § 846." (internal quotation marks omitted) (quoting *United States v. Delvecchio*, 816 F.2d 859, 864 (2d Cir. 1987)).

In reaching this conclusion, the Supreme Court has explained that the "common law understanding of conspiracy does not make the doing of any act other than the act of conspiring a condition of liability." *Shabani*, 513 U.S. at 13–14 (internal citation and quotation marks omitted). Because 21 U.S.C. § 846 does not "expressly make the commission of an overt act an element of the conspiracy offense," the Government need not prove an overt act to obtain a conviction. *Whitfield v. United States*, 543 U.S. 209, 214 (2005). In other words, under 21 U.S.C. § 846, "the conspiracy to distribute narcotics is in and of itself a specific crime." *United States v. Bermudez*, 526 F.2d 89, 94 (2d Cir. 1975); *see also United States v. Nalbandian*, No. 3:08-CR-60 (VLB), 2009 WL 5218056, at *2 (D. Conn. Dec. 29, 2009) ("The essence of conspiracy is the agreement and not the commission of the substantive offense." (internal citation and quotation marks omitted)).

Accordingly, the Government is not required to allege an overt act in furtherance of a 21 U.S.C. § 846 conspiracy, and Mr. Cordero's motion to dismiss Count One on this basis will be denied.

### 6.  Distribution of Controlled Substances in 21 U.S.C. § 862

Mr. Cordero argues that 21 U.S.C. § 862(a)(1)(C), which prohibits, under certain circumstances, the provision of federal benefits to an individual convicted of an offense involving the distribution of controlled substances, renders 21 U.S.C. § 846 unconstitutional, and therefore bars the Government from prosecuting him under § 846. Fourth Mot. to Bar Prosecution at 1–2.

The Court disagrees.

21 U.S.C. § 862 provides that "[a]ny individual who is convicted of any Federal or State offense consisting of the distribution of controlled substances shall . . . upon a third or subsequent conviction for such an offense be permanently ineligible for all Federal benefits." 21 U.S.C. § 862(a)(1)(C). But Mr. Cordero fails to explain why 21 U.S.C. § 862's limitations on individuals' eligibility for federal benefits renders 21 U.S.C. § 846, which is a separate statute, unconstitutional, and the Court does not find a basis to reach this conclusion here. *See Murtic*, 2022 WL 2116774, at *6 ("The prosecution of a defendant for a drug conspiracy is not rendered unlawful by the fact that a separate statute provides that a court may find a person convicted of an 'offense consisting of the distribution of controlled substances' ineligible for federal benefits." (quoting 21 U.S.C. § 862(a)(1)).

Mr. Cordero further argues that "under the *Blockburger* test this Honorable Court should make the determination that 'Conspiracy' is a separate offense than [*sic*] the generic federal offense of 'Distribution.'" Fourth Mot. to Bar Prosecution at 5–6. While Mr. Cordero's position appears to be consistent with the Court's holding above, *see supra* Section II.A.1, his argument contradicts his contention elsewhere in his motions that 21 U.S.C. § 846 and 21 U.S.C. § 841 are the same offense for purposes of the Double Jeopardy Clause. In any event, the Government is

not precluded from charging Mr. Cordero "with multiple separate but related offenses" in this case. *Murtic*, 2022 WL 2116774, at *6; *see also Josephberg*, 459 F.3d at 355 ("Where two statutory sections operate independently of one another, 'there is no bar to the Government's proceeding with prosecution simultaneously under the two statutes.'" (quoting *Ball v. United States*, 470 U.S. 856, 860 (1985)).

Accordingly, Mr. Cordero's motion to dismiss or bar the prosecution of Count One will be denied.

### 7. Penalty Provisions in 21 U.S.C. § 841

Mr. Cordero argues that under *Blockburger*, 21 U.S.C. §§ 841(a)(1) and 841(b)(1) "connote[] two distinct and separate offenses" and thus "must be charged into [*sic*] two distinct and separate counts." Second Mot. to Establish at 6. Specifically, he argues that 21 U.S.C. § 841(b)'s "penalty section does not apply" to 21 U.S.C. § 841(a)(1), *id.* at 4 (emphasis omitted), and asks the Court to take "judicial notice" of this distinction, *id.* at 14.

The Government argues that "any argument that [§] 846 does not require the [G]overnment to prove drug quantity and type to a jury is without merit." Gov't Opp'n at 16.

The Court agrees.

"Any person who engages in conduct proscribed by § 841(a)(1), or who conspires to do so, *see id.* § 846, is subject to penalties detailed in the lettered subsections of § 841(b)(1)." *United States v. Gonzalez*, 420 F.3d 111, 120 (2d Cir. 2005). Contrary to Mr. Cordero's assertion, 21 U.S.C. § 841(b) is not a separate offense from 21 U.S.C. § 841(a), but rather specifies the penalties imposed for a violation of § 841(a)(1) or § 846. Indeed, the Second Circuit repeatedly has held that "[t]he drug quantities specified in 21 U.S.C. § 841 are elements that must be pleaded and proved to a jury or admitted by a defendant to support any conviction on an

aggravated drug offense, not simply those resulting in sentences that exceed the maximum otherwise applicable." *Id.* at 123; *see also Santos*, 541 F.3d at 70–71 (noting that the elements of a drug conspiracy offense punishable under 21 U.S.C. § 841(b)(1)(A) include "that it was either known or reasonably foreseeable to the defendant that the conspiracy involved the drug type and quantity charged"); *United States v. Adams*, 448 F.3d 492, 499 (2d Cir. 2006) ("Conviction of a § 841(b)(1)(A) conspiracy also requires that a jury find, or the defendant himself admit to, the drug-quantity element. Additionally, we require proof that this drug type and quantity were at least reasonably foreseeable to the co-conspirator defendant." (internal citations omitted)).

The United States Supreme Court's decision in *Terry v. United States*, 141 S. Ct. 1858 (2021), is not to the contrary. In *Terry*, the Supreme Court held that offenders who have been convicted of a crack offense, and who did not trigger a mandatory minimum at the time that they were sentenced, are ineligible to receive a reduced sentence under the First Step Act. *Id.* In the course of analyzing the First Step Act, the Supreme Court noted that 21 U.S.C. § 841(b) is an element of the crack offense at issue in that case. *Id.* at 1862. The Supreme Court did not suggest that § 841(a) and § 841(b) are separate offenses under *Blockburger*.

Accordingly, Mr. Cordero's motion to take judicial notice or otherwise dismiss the Indictment on this basis will be denied.

### 8.  Sufficiency of Count Twenty-Four

Federal Rule of Criminal Procedure 12(b)(1) provides that a "party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). On a pre-trial motion to dismiss an indictment, a court must accept all factual allegations in the indictment as true. *United States v. FNU LNU*, No. 06-CR-846 (DAB), 2007 WL 1149261, at *2 (S.D.N.Y. Apr. 12, 2007). "[T]he sufficiency of the

evidence is not appropriately addressed on a pretrial motion to dismiss an indictment." *United States v. Alfonso*, 143 F.3d 772, 777 (2d Cir. 1988). Rather, "an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974).

"A defendant faces a high standard in seeking to dismiss an indictment, because an indictment need provide the defendant only a plain, concise, and definite written statement of the essential facts constituting the offense charged." *United States v. Smith*, 985 F. Supp. 2d 547, 561 (S.D.N.Y. 2014) (internal citation and quotation marks omitted). The Second Circuit has "consistently upheld indictments that do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *United States v. Bout*, 731 F.3d 233, 240 (2d Cir. 2013) (emphasis, internal citation, and internal quotation marks omitted); *see also Hamling*, 418 U.S. at 117 ("It is generally sufficient that an indictment set[s] forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." (internal citation and quotation marks omitted)).

Mr. Cordero argues that Count Twenty-Four, which charges him with possession of a firearm in furtherance of a drug trafficking crime, *see* Indictment ¶ 29, must be dismissed under Rule 12(b)(1) because he "merely . . . store[d] a weapon near [the] drugs or drug proceeds"; "[t]here was no sign of [Mr. Cordero] making a sale of narcotics nor of him personally making a controlled buy of narcotics"; and "none of [Mr. Cordero's] conduct show[s] any active employment of any type of weapon during the course of the government's Special Agents

conducting their search of [his] residence." First Mot. to Dismiss at 7 (emphasis omitted); *see also id.* at 6 ("The government cannot convict under 18 U.S.C. [§] 924[(c)](1)(a) by relying on the generalization that [at] any time a drug dealer generally use [*sic*] guns to protect themselves and their drugs.").

The Government argues that the Indictment is factually sufficient and adequately apprises Mr. Cordero and his co-defendants "of the offenses charged against them, as well as the approximate times and places of the alleged unlawful acts, so that they may be able to properly defend themselves against said charges." Gov't Opp'n at 15.

The Court agrees.

Count Twenty-Four alleges that "[o]n or about June 29, 2017," in the District of Connecticut, Mr. Cordero "did knowingly and intentionally possess firearms, that is, (1) a Glock pistol bearing serial number MAD421 and (2) a Ruger model SR9, 9mm pistol, bearing serial number 330-73954, in furtherance of a drug trafficking crime," in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(2). Indictment ¶ 29. The allegations in the Indictment track the language of the statute charged, *see* 18 U.S.C. § 924(c)(1)(A) (providing for the imposition of penalties on "any person who, during and in relation to any . . . drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm . . . ."), and specify the time and place of the alleged crime, *Bout*, 731 F.2d at 240. Thus, Mr. Cordero has not shown, at this stage of the proceedings, any prejudice that would warrant the dismissal of Count Twenty-Four. *See United States v. Stringer*, 730 F.3d 120, 124–24 (2d Cir. 2013) ("When the charges in an indictment have stated the elements of the offense and provided even minimal protection against double jeopardy, this court has repeatedly refused, in the absence of any showing of prejudice, to

dismiss . . . charges for lack of specificity." (internal citation and quotation marks omitted));

*United States v. De La Pava*, 268 F.3d 157, 165 (2d Cir. 2001) ("The dismissal of an indictment

is an extraordinary remedy reserved only for extremely limited circumstances implicating

fundamental rights." (internal citation and quotation marks omitted)).

To the extent Mr. Cordero challenges the sufficiency of the Government's evidence, such

challenges are better suited for trial, where factual determinations can be made. *See* Fed. R.

Crim. P. 12(b) (limiting pretrial motions to "any defense, objection, or request that the court can

determine without a trial on the merits"); *Alfonso*, 143 F.3d at 776 (holding that a district

court "look[ing] beyond the face of the indictment and dr[awing] inferences as to the proof that

would be introduced by the government at trial . . . [to] inquir[e] into the sufficiency of the

evidence [is] premature"); *United States v. Triumph Cap. Grp., Inc.*, 260 F. Supp. 2d 462, 465

(D. Conn. 2002) ("Thus, a technically sufficient indictment 'is not subject to dismissal on the

basis of factual questions, the resolution of which must await trial.'" (citing *Alfonso*, 143 F.3d at

776–77)).

Accordingly, Mr. Cordero's motion to dismiss Count Twenty-Four will be denied.[7]

### B.  Motion to Bar Circumstantial Evidence

"To sustain a conspiracy conviction, the government must present some evidence from

which it can be reasonably inferred that the person charged with conspiracy knew of the

---

[7] Mr. Cordero suggests that, in addition to Count Twenty-Four, he did not commit a "drug Conspiracy distribution crime." First Mot. to Bar Prosecution at 6 ("[T]he government is fully aware that charging Mr. Cordero with conspiracy to distribute Heroin actually and factually means that the defendant never actually committed no drug Conspiracy distribution crime."). Insofar as Mr. Cordero seeks dismissal of the Indictment on this basis, the motion is denied. The allegations in the Indictment adequately apprise Mr. Cordero and his co-defendants of the offenses charged against them, including conspiracy to distribute and to possess with intent to distribute fentanyl and heroin, and possession with intent to distribute and the distribution of heroin. *See* Indictment ¶¶ 1–6, 17–20, 25. Mr. Cordero's conspiracy to distribute controlled substances charge does not constitute an admission by the Government that Mr. Cordero did not commit the underlying substantive offenses. *See Shabani*, 513 U.S. at 15 ("In order to establish a violation of 21 U.S.C. § 846, the Government need not prove the commission of any overt acts in furtherance of the conspiracy.").

existence of the scheme alleged in the indictment and knowingly joined and participated in it."
*United States v. Anderson*, 747 F.3d 51, 60 (2d Cir. 2014) (internal quotation marks omitted)
(quoting *United States v. Hassan*, 578 F.3d 108, 123 (2d Cir. 2008)). The Second Circuit has
explained:

> Circumstantial evidence probative of a conspiracy may include, for
> example, a defendant's association with conspirators "in furtherance
> of the conspiracy," *United States v. Aleskerova*, 300 F.3d 286, 292–
> 93 (2d Cir. 2002); his presence at "critical stages of the conspiracy
> that cannot be explained by happenstance," *id*.; or his possession of
> items that are of essential significance to the conspiracy, *id*. In
> context, acts that exhibit "a consciousness of guilt, such as false
> exculpatory statements," [*United States v.*] *Gordon*, 987 F.2d [902,]
> 907 [(2d Cir. 1993)], may also tend to prove knowledge and intent
> of a conspiracy's purpose, although false exculpatory statements
> alone do not suffice to establish guilty knowledge, *United States v.
> Reyes*, 302 F.3d 48, 56 (2d Cir. 2002).

*Id.* Moreover, "a federal conviction may be supported 'by the uncorroborated testimony'
of even a single accomplice witness 'if that testimony is not incredible on its face and is capable
of establishing guilt beyond a reasonable doubt.'" *United States v. Florez*, 447 F.3d 145, 155 (2d
Cir. 2006) (quoting *United States v. Parker*, 903 F.2d 91, 97 (2d Cir.1990)).

Similarly, in prosecutions under 21 U.S.C. § 841, "[t]he [G]overnment may establish
both possession and intent to distribute by circumstantial evidence." *United States v.
Mohammed*, 138 F. Supp. 2d 305, 309 (N.D.N.Y. 2001) (citing *United States v. Sureff*, 15 F.3d
225, 228 (2d Cir. 1994)). For example, although the Government must prove that the defendant
knew that the substance in question was a controlled substance under federal law, "the
Government need not introduce direct evidence of such knowledge." *United States v. Requena*,
980 F.3d 30, 44 (2d Cir. 2020) (internal quotation marks omitted) (quoting *McFadden v. United
States*, 576 U.S. 195, 195 n.3 (2015)). Rather, the Government may offer circumstantial evidence
of the defendant's knowledge, including "a defendant's concealment of his activities" and

"evasive behavior with respect to law enforcement." *Id.* (internal quotation marks omitted) (quoting *McFadden*, 576 U.S. at 192 n.1).

In addition to seeking dismissal of the Indictment, Mr. Cordero moves to bar the use of circumstantial evidence at trial, alleging that the use of such evidence would violate the Sixth Amendment, as well as his Fifth and Fourteenth Amendment due process rights. Mot. to Preclude Evid. at 1–11.

The Court disagrees.

Courts in this Circuit repeatedly have held that "[t]here is no constitutional due process right to a jury charge on circumstantial evidence." *Cromwell v. Smith*, No. 13-CV-29 (KBF), 2014 WL 1280287, at *7 (S.D.N.Y. Mar. 25, 2014) (collecting cases). "To the contrary, as a matter of federal constitutional law, circumstantial evidence is no different than direct evidence; so long as the jury is satisfied of guilt beyond a reasonable doubt, the type of evidence that convinces jurors is immaterial." *Id.* (quotation marks omitted) (quoting *Griffin v. N.Y.S. Dep't of Corrs.*, No. 06-CV-14217, 2007 WL 1296203, at *2 (S.D.N.Y. May 2, 2007)).

Mr. Cordero argues, citing *Holland v. United States*, 348 U.S. 121 (1954), that the use of circumstantial evidence is improper and would permit the application of the "wrong standard of proof" at trial. Mot. to Preclude Evid. at 2. Circumstantial evidence, however, is not a standard of proof, but a type of evidence that a jury may consider in determining, based on the weight of the evidence, whether it establishes the guilt of the defendant beyond a reasonable doubt. *Cromwell*, 2014 WL 1280287, at *7. To that end, Mr. Cordero misreads the United States Supreme Court's holding in *Holland*. The Supreme Court in *Holland* did not prohibit the use of circumstantial evidence at trial. Indeed, the Supreme Court recognized that circumstantial evidence is "intrinsically no different from testimonial evidence." 348 U.S. at 140. And "[i]n both instances,

25

a jury is asked to weigh the chances that the evidence correctly points to guilt against the possibility of inaccuracy or ambiguous inference. . . . If the jury is convinced beyond a reasonable doubt [based on that evidence], [a court shall] require no more." *Id.*

Accordingly, the Court will deny Mr. Cordero's motion to bar the use of circumstantial evidence at trial.[8]

### C.  Motion for Transfer to a Different Correctional Facility

Mr. Cordero moves for this Court to issue a "mandate" requiring him to be moved to a different correctional facility so that he may access a law library in order to prepare for trial. Mot. for Transfer at 1. He argues that failure to provide him with access to a law library would deprive him of his constitutional right of access to the courts. *Id.*

"Prisoners, including pretrial detainees, 'have a constitutional right of access to the courts.'" *Bourdon v. Loughren*, 386 F.3d 88, 92 (2d Cir. 2004) (quoting *Bounds v. Smith*, 430 U.S. 817, 821 (1977)). In *Bounds*, the United States Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds*, 430 U.S. at 828.

As the *Bounds* court noted, and as the Supreme Court later restated, *see Lewis v. Casey*, 518 U.S. 343 (1996), however, "[t]he right of access to the courts does not necessarily encompass a right to a law library," as opposed to other forms of legal assistance, *Fernandez v.*

---

[8] Mr. Cordero also argues that the use of circumstantial evidence at trial would violate the Sixth Amendment, in particular his right to notice or "procedural due process." Mot. to Preclude Evid. at 1, 9. "To comport with the Fifth and Sixth Amendments, a criminal indictment must (1) contain all of the elements of the offense so as to fairly inform the defendant of the charges against him, and (2) enable the defendant to plead double jeopardy in defense of future prosecutions for the same offense." *United States v. Santeramo*, 45 F.3d 622, 624 (2d Cir. 1995). For the reasons described above, Mr. Cordero has received adequate notice of the charges against him. As the use of circumstantial evidence has no bearing on Mr. Cordero's right to be informed of such charges, this argument has no merit, and his motion to bar circumstantial evidence on this basis will be denied.

*Lantz*, No. 3:09-CV-1339 (JCH), 2010 WL 1719359, at \*4 (D. Conn. Apr. 27, 2010) (citing

*Lewis*, 518 U.S. at 351). "A legal service plan, such as the assistance of the Office of the Public

Defender, is an acceptable alternative to [the] provision of law libraries." *Id.* (citing *Bounds*, 430

U.S. at 830–31). "In other words, prison libraries and legal assistance programs are not ends in

themselves, but only the means for ensuring 'a reasonably adequate opportunity to present

claimed violations of fundamental constitutional rights to the courts.'" *Lewis*, 518 U.S. at 351

(quoting *Bounds*, 430 U.S. at 825).

During the Court's hearing regarding Mr. Cordero's pending motion to proceed *pro se*,

the Court ordered Mr. Cordero's counsel to stay on standby counsel in the event that the motion

is granted. *See* Min. Entry, ECF No. 884 (Mar. 23, 2022). As Mr. Cordero currently has counsel,

and would continue to have standby counsel if he proceeds *pro se* at trial, his motion for transfer

to a different correctional facility will be denied. *See Fernandez*, 2010 WL 1719359, at \*5

(finding that it was a "reasonable application of federal law" for the Connecticut Supreme Court

to conclude that the availability of assistance from standby counsel satisfied the obligation to

provide meaningful access to the courts).[9]

## III.   CONCLUSION

For the reasons explained above, the [876], [898], [899], [935], and [936] motions to

dismiss; [885] motion for clarification; [886], [895], [896], and [900] motions to bar prosecution;

[897] motion to bar circumstantial evidence; and [934] motion for transfer to a different

correctional facility are **DENIED**.

---

[9] The Court has endeavored to address each of the arguments in Mr. Cordero's motions. For the avoidance of doubt, and to the extent any argument has not been expressly addressed in this Ruling and Order, the Court notes that it has considered all of the arguments in Mr. Cordero's motions, and finds no basis on which to grant any of his requests for relief.

**SO ORDERED** at Bridgeport, Connecticut, this 20th day of July, 2022.

 /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge