# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff,*<br><br>v.<br><br>JOEL CORDERO,<br>*Defendant.* | No. 3:17-cr-00150-VAB-1 |

## RULING AND ORDER ON PENDING MOTIONS

Joel Cordero, along with thirteen co-defendants, has been charged in a multi-count Indictment with crimes related to the possession and distribution of narcotics. Indictment, ECF No. 14 (July 12, 2017).

In advance of trial, Mr. Cordero has filed various motions effectively seeking to dismiss the charges against him in part or in full. *See* Mot. for Reconsideration, ECF No. 957 (Aug. 5, 2022); Mot. to Establish, ECF No. 958 (Aug. 5, 2022); Mot. to Bar Prosecution, ECF No. 959 (Aug. 5, 2022); Mot. to Compel, ECF No. 982 (Aug. 30, 2022); Mot. in Limine, ECF No. 983 (Aug. 30, 2022).

Mr. Cordero also has filed a motion for transfer to a different correctional facility, Mot. for Reconsideration of Transfer, ECF No. 985 (Sept. 15, 2022).

For the following reasons, the Motion for Reconsideration, ECF No. 957; Motion to Establish, ECF No. 958; Motion to Bar Prosecution, ECF No. 959; Motion to Compel, ECF No. 982; Motion in Limine, ECF No. 983; and Motion for Reconsideration of Transfer, ECF No. 985, are **DENIED**.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

This case involves an alleged drug trafficking conspiracy allegedly operated in the

District of Connecticut and elsewhere, resulting in the indictment of fourteen defendants,[1]

including Mr. Cordero.[2] *See* Indictment.

On June 29, 2017, Mr. Cordero was arrested on a warrant and complaint charging him

with conspiracy to possess with intent to distribute and to distribute heroin, in violation of 21

U.S.C. §§ 846 and 841(a)(1), and possession with intent to distribute and distribution of heroin,

in violation of 21 U.S.C. § 841(a)(1). Criminal Compl., ECF No. 1 (June 29, 2017); Arrest

Warrant, ECF No. 5 (June 29, 2017).

On July 12, 2017, a grand jury returned an indictment against Mr. Cordero and thirteen

alleged co-conspirators. Indictment. The Indictment charges Mr. Cordero with the following

counts: (1) one count of conspiracy to distribute and to possess with intent to distribute heroin

and fentanyl in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i), 841(b)(1)(A)(vi), and 846

(Count One); (2) one count of possession with intent to distribute heroin in violation of 21

U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(i) and 18 U.S.C. § 2 (Count Twelve); (3) three counts of

possession with intent to distribute and distribution of heroin in violation of 21 U.S.C.

§§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2 (Counts Thirteen, Fourteen, and Fifteen); (4)

---

[1] As of the date of this Ruling and Order, all of the defendants other than Mr. Cordero have pled guilty. *See* Plea Agreement, ECF No. 110 (Oct. 13, 2017) (Jeffrey Vanmourik); Plea Agreement, ECF No. 204 (May 2, 2018) (Henry Caraballo); Plea Agreement, ECF No. 209 (May 11, 2018) (Fernando Tolentino); Plea Agreement, ECF No. 216 (May 23, 2018) (Gisel De La Cruz); Plea Agreement, ECF No. 269 (Aug. 6, 2018) (Jonathan Velez); Plea Agreement, ECF No. 318 (Nov. 6, 2018) (Anthony Acosta); Plea Agreement, ECF No. 417 (Sept. 17, 2019) (Angel DeJesus-Concepcion); Plea Agreement, ECF No. 450 (Dec. 9, 2019) (Alexander Pena); Plea Agreement, ECF No. 454 (Dec. 10, 2019) (Amarilis Pirela); Plea Agreement, ECF No. 638 (Dec. 14, 2020) (Daily Pena Rijo); Plea Agreement, ECF No. 784 (Oct. 15, 2021) (Edwin Reyes); Plea Agreement, ECF No. 794 (Dec. 2, 2021) (Angel Rijo-Castillo); Plea Agreement, ECF No. 889 (Mar. 24, 2022) (Gabriel Cordero).

[2] Both Joel Cordero and Gabriel Cordero are charged in the Indictment. *See* Indictment. As Gabriel Cordero has entered a guilty plea, *see* Plea Agreement, ECF No. 889, and does not challenge the Indictment, this Ruling and Order does not address Gabriel Cordero. Accordingly, the Court refers to Joel Cordero as "Mr. Cordero."

one count of possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(i) and 18 U.S.C. § 2 (Count Twenty); and (5) one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(2) (Count Twenty-Four). Indictment ¶¶ 1–6, 17–20, 25, 29.

On July 18, 2017, Mr. Cordero pled not guilty at his arraignment. Min. Entry, ECF No. 29 (July 18, 2017).

On August 31, 2017, the Court held a scheduling conference at which the Court scheduled jury selection for May 7, 2018. Min. Entry, ECF No. 75 (Aug. 31, 2017).

Following several continuances to allow time for Mr. Cordero and his co-defendants to prepare for trial or otherwise engage in plea negotiations, and in part due to Mr. Cordero's repeated retention of new counsel, *see, e.g.*, Order, ECF No. 248 (July 25, 2018); Order, ECF No. 327 (Nov. 16, 2018); Order, ECF No. 410 (Aug. 28, 2019); Order, ECF No. 617 (Oct. 30, 2020); Order, ECF No. 714 (Apr. 20, 2021); Order, ECF No. 773 (Oct. 1, 2021); Order, ECF No. 815 (Jan. 9, 2022); Min. Entry, ECF No. 884 (Mar. 23, 2022), the Court scheduled jury selection to begin on October 3, 2022, Order, ECF No. 948 (July 22, 2022).

On March 23, 2022, the Court took under advisement Mr. Cordero's pending motion to proceed *pro se* and a pending motion to withdraw by Mr. Cordero's attorney, *see* Mot. to Proceed *Pro Se* or in the Alternative Dismiss Att'y of Record, ECF No. 831 (Feb. 17, 2022); Mot. to Withdraw as Counsel for the Def. Joel Cordero *a/k/a* Domi, ECF No. 838 (Feb. 23, 2022), and permitted Mr. Cordero to file his pre-trial motions *pro se*,[3] Min. Entry, ECF No. 884 (Mar. 23, 2022).

---

[3] On March 18, 2022, the Court scheduled a change of plea hearing for March 23, 2022, after being notified by Mr. Cordero's counsel that Mr. Cordero intended to enter a guilty plea. *See* Notice of E-Filed Calendar, ECF No. 874 (Mar. 18, 2022). On March 23, 2022, Mr. Cordero indicated that he did not intend to plead guilty. The Court then conducted a colloquy with the parties regarding the pending motion to proceed *pro se* and motion to withdraw as

Between March 18, 2022, and July 8, 2022, Mr. Cordero filed various *pro se* motions to dismiss the indictment, to bar prosecution, to exclude certain evidence, and to be transferred to a different correctional facility. Mot. to Dismiss 18 U.S.C. § 924(c)(1)(A), ECF No. 876 (Mar. 18, 2022); Mot. for Clarification, ECF No. 885 (Mar. 23, 2022); Mot. to Bar Prosecution, ECF No. 886 (Mar. 23, 2022); Mot. to Bar Prosecution, ECF No. 895 (Apr. 8, 2022); Mot. to Bar Prosecution, ECF No. 896 (Apr. 8, 2022); Mot. to Bar Circumstantial Evid., ECF No. 897 (Apr. 8, 2022); Mot. to Establish, ECF No. 898 (Apr. 8, 2022); Mot. to Establish, ECF No. 899 (Apr. 8, 2022); Mot. to Bar Prosecution, ECF No. 900 (Apr. 8, 2022); Mot. for Court Permission, ECF No. 934 (July 8, 2022); Mot. to Dismiss, ECF No. 935 (July 8, 2022); Mot. to Establish, ECF No. 936 (July 8, 2022).

On July 20, 2022, the Court issued a Ruling and Order denying each of these motions. Ruling and Order on Pending Mots., ECF No. 943 (July 20, 2022).

On August 5, 2022, Mr. Cordero filed further motions to (1) reconsider *United States v. Pressley*, 469 F.3d 63 (2d Cir. 2006), in light of *Terry v. United States*, 141 S. Ct. 1858 (2021), Mot. for Reconsideration, ECF No. 957 ("*Pressley* Mot."); (2) establish that the penalties set forth in 21 U.S.C. § 841(b) cannot be applied to conspiracy offenses under 21 U.S.C. § 846, Mot. to Establish, ECF No. 958 ("Conspiracy Penalties Mot."); and (3) prevent the imposition of sentencing enhancements under 21 U.S.C. § 841(b), Mot. to Bar Prosecution, ECF No. 959 ("Sentencing Enhancements Mot.").

On August 30, 2022, Mr. Cordero filed two additional motions seeking in effect to dismiss the indictment on the ground that 21 U.S.C. § 846 does not qualify as a controlled

counsel. *See* Min. Entry, ECF No. 884 (Mar. 23, 2022); *see also* Mot. to Proceed *Pro Se* or in the Alternative Dismiss Att'y of Record, No. 831 (Feb. 17, 2022); Mot. to Withdraw as Counsel for the Def. Joel Cordero *a/k/a* Domi, ECF No. 838 (Feb. 23, 2022).

substance offense in light of *United States v. Taylor*, 142 S. Ct. 2015 (2022), and *Mellouli v. Lynch*, 575 U.S. 798 (2015). Mot. to Compel, ECF No. 982 ("First Controlled Substance Offense Mot."); Mot. in Limine, ECF No. 983 ("Second Controlled Substance Offense Mot.").

On September 15, 2022, Mr. Cordero filed another motion to transfer to a different correctional facility. Mot. for Reconsideration of Transfer, ECF No. 985 ("Transfer Mot.").

## II.   DISCUSSION

### A.  Motions to Dismiss

The Court construes Mr. Cordero's pending pre-trial motions, with the exception of his motion to transfer to a different correctional facility, as motions to dismiss the Indictment or one or more of the charges in the Indictment. In these motions, Mr. Cordero argues that the Indictment should be dismissed because: (1) the penalties specified in 21 U.S.C. § 841(b) do not apply to conspiracy offenses under 21 U.S.C. § 846; (2) the penalty provisions in § 841(b) are unconstitutional sentencing enhancements that must be proved beyond a reasonable doubt; and (3) § 846 does not qualify as a controlled substance offense because it does not require as an element the actual possession of a controlled substance listed in 21 U.S.C. § 802.

Because Mr. Cordero's motions contain overlapping arguments, the Court will address each issue in turn.

### 1.  Application of § 841(b) Penalties to § 846

Count One of the Indictment charges Mr. Cordero with a conspiracy under 21 U.S.C. § 846 to distribute and to possess with intent to distribute specified amounts of heroin and fentanyl in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i), and 841(b)(1)(A)(vi). Indictment ¶¶ 1–6. Mr. Cordero argues in two similar motions that a defendant convicted of the conspiracy offense described in § 846 is not subject to the sentencing provisions of § 841(b).

In the first of these motions, he asks the Court to reconsider the Second Circuit's decision in *United States v. Pressley*. *Pressley* Mot. at 1. In *Pressley*, the Second Circuit held that a § 846 conspiracy qualified as "a violation of subsection (a)" for the purpose of determining quantities and accompanying penalties under § 841(b). 469 F.3d at 65–66. Mr. Cordero argues that this holding was undermined by the Supreme Court's decision in *Terry*. *Pressley* Mot. at 1. The Court held in *Terry* that the subparagraphs of § 841(b), together with § 841(a), define separate offenses. *See* 141 S. Ct. at 1862. The Court clarified that the quantities and types specified in § 841(b) are elements of these offenses and that § 841(b) does not merely establish a range of penalties for a single offense defined in § 841(a). *See id.*

According to Mr. Cordero, *Terry* defined the entire set of offenses to which § 841(b)'s penalties may be applied, and this set does not include conspiracy under § 846. *Pressley* Mot. at 4 (arguing that the Court in *Terry* "fully interpret[ed] the statutory language of 841(b)" and "mandate[d] that § 841(b) defines penalties exclusively for § 841 substantive offenses only and does not incorporate § 846's definition of 'felony drug offense'"). He argues that the Court "made it perfectly clear that 841(b)(1)(A) is an offense and not a sentencing provision for [an]other statute." *Id.* at 18; *see also* Conspiracy Penalties Mot. at 3 ("[T]he Supreme Court made clear its desire to run § 841(b) enhancements only upon those [defendants] labeled as Subparagraph (A), (B) and (C) drug quantity and type offenders."). Thus, Mr. Cordero argues, a § 846 conspiracy does not qualify as "a violation of subsection (a)" and this Court cannot apply § 841(b)'s penalties to a § 846 offense. *Pressley* Mot. at 18.

The Court disagrees.

Section 846 states that any person who "attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the

offense, the commission of which was the object of the attempt or conspiracy." 21 U.S.C. § 846. As the Court has previously explained, Count One alleges a conspiracy to commit the offenses defined by §§ 841(a)(1), 842(b)(1)(A)(i), and 842(b)(1)(A)(vi). Ruling and Order on Pending Mots. at 9. Each of these underlying offenses is an "offense defined in this subchapter." Accordingly, "Mr. Cordero is subject, if convicted on Count One, to the penalties prescribed in 21 U.S.C. § 841(b)(1)(A)." *Id.*

The Supreme Court's decision in *Terry* is not to the contrary. Mr. Cordero correctly notes that the Court held that the subparagraphs of § 841(b) define elements of distinct offenses. Nothing in the Court's decision, however, prevents the penalties specified in § 841(b) from applying to § 846 conspiracy offenses. *Terry* held that an offense under § 841 encompasses both the elements set forth in § 841(a) and the quantity and type elements set forth in the various subparagraphs of § 841(b). Thus, a conspiracy to commit a § 841 offense is a conspiracy to commit both the § 841(a) elements and the § 841(b) elements. To obtain a conviction for conspiracy under § 846, the government must address both sets of elements by proving (1) an agreement to violate § 841(a); and (2) "that it was either known or reasonably foreseeable to the defendant that the conspiracy involved the drug type and quantity charged [under § 841(b)]." *United States v. Santos*, 541 F.3d 63, 70–71 (2d Cir. 2008). If the government satisfies these two requirements and establishes a conspiracy to violate § 841, the defendant "shall be subject to the same penalties as those prescribed for" § 841, *i.e.*, the penalties described in § 841(b).

Accordingly, Mr. Cordero's Motion for Reconsideration and Motion to Establish on this basis will be denied.

### 2. Section 841(b) Sentencing Enhancements

Mr. Cordero argues that the penalties set forth in § 841(b) are unconstitutional "sentencing enhancements" under *Alleyne v. United States*, 570 U.S. 99 (2013), and *United States v. Haymond*, 139 S. Ct. 2369 (2019). Sentencing Enhancements Mot. at 1. These cases held that any facts that serve to increase "the legally prescribed range of allowable sentences" must be found by a jury beyond a reasonable doubt. *Haymond*, 139 S. Ct. at 2378 (quoting *Alleyne*, 570 U.S. at 115). Mr. Cordero argues that the quantity and type provisions of § 841(b) are the type of sentencing enhancements struck down in *Alleyne* and *Haymond*.

The Court disagrees.

As explained above, both the Supreme Court and the Second Circuit have made clear that the quantity and type provisions of § 841(b) are elements of the offense that must be submitted to the jury and proved beyond a reasonable doubt. *See Terry*, 141 S. Ct. at 1862; *United States v. Gonzalez*, 420 F.3d 111, 123 (2d Cir. 2005) ("The drug quantities specified in 21 U.S.C. § 841 are elements that must be pleaded and proved to a jury or admitted by a defendant to support any conviction on an aggravated drug offense . . . ."). Unlike in *Alleyne* and *Haymond*, Mr. Cordero's potential sentence cannot be increased under § 841(b) based on facts found by a judge under the "preponderance of the evidence" standard.

Accordingly, Mr. Cordero's Motion to Bar Prosecution on this basis will be denied.

### 3.  Section 846 as a Controlled Substance Offense

Mr. Cordero argues in two similar motions that he cannot be prosecuted under § 846 because it does not qualify as a controlled substance offense under *United States v. Taylor*, 142 S. Ct. 2015 (2022), and *Mellouli v. Lynch*, 575 U.S. 798 (2015). *See* First Controlled Substance Offense Mot. at 1 (arguing that § 846 "constitutes an unconstitutional controlled substance offense"); Second Controlled Substance Offense Mot. at 1 (arguing that § 846 "does not

criminalize any federal scheduled controlled substances"). Both *Taylor* and *Mellouli* applied the "categorical approach" that the Supreme Court has prescribed for determining whether a specific criminal offense falls within broader statutory definitions such as "crime of violence" or violation of law "relating to a controlled substance." Mr. Cordero contends that the logic of these decisions applies to his case and bars prosecution under § 846.

*Taylor* involved a conviction under 18 U.S.C. § 924(c) for using a firearm in connection with a "crime of violence." The Court held that attempted Hobbs Act Robbery does not qualify as a crime of violence for the purposes of § 924(c) because it does not have "as an element the use, attempted use, or threatened use of force." 142 S. Ct. at 2020. Cordero argues that § 846 similarly does not qualify as a "Scheduled Controlled Substance Offense" because it does not require proof that the defendant possessed with intent to distribute a kilogram or more of heroin. First Controlled Substance Offense Mot. at 1–2.

In *Mellouli*, the petitioner was found removable by an Immigration Judge under 8 U.S.C. § 1227(a)(2)(B)(i), which authorizes the deportation of a noncitizen who is "convicted of a violation of . . . any law or regulation of a State . . . relating to a controlled substance (as defined in section 802 of Title 21)." The petitioner had been convicted under a Kansas offense that criminalizes the possession of drug paraphernalia related to "a controlled substance." 575 U.S. at 800. The Kansas statute did not, however, require proof that the controlled substance was "*defined in 21 U.S.C. § 802.*" *Id.* at 801. The Court therefore held that the Kansas provision did not match the definition set forth in § 1227(a)(2)(B)(i) and that the petitioner was not removable on that ground. Mr. Cordero argues that he cannot be prosecuted under § 846 because that provision similarly does not define controlled substances by reference to § 802. Second Controlled Substance Offense Mot. at 1–2.

9

The Court disagrees.

The categorical approach applied in *Taylor* and *Mellouli* has no application in this case. Count One of the indictment charges Mr. Cordero with a conspiracy in violation of § 846. Section 846 does not incorporate any separate definition of a "controlled substance" or a "Scheduled Controlled Substance Offense." Thus, it does not matter whether § 846 has as an element the possession of a kilogram or more of heroin or whether it "involves" a controlled substance "as defined in § 802." Section 846 requires a conspiracy to violate "any offense defined in this subchapter." In the case of Count One, that underlying offense is set forth in § 841, which describes directly the quantities and substances to which it applies. Unlike in *Taylor* and *Mellouli*, § 846 does not require any comparison between an underlying statute and a definition contained in the charged offense.

Accordingly, Mr. Cordero's Motion to Compel and Motion in Limine to preclude prosecution on this ground will be denied.

### B.  Motion for Transfer to a Different Correctional Facility

Mr. Cordero previously requested a transfer to a correctional facility with a law library. Mot. for Court Permission, ECF No. 934. The Court denied this motion in its prior Ruling and Order on Mr. Cordero's pretrial motions. Ruling and Order at 26–27, ECF No. 943. Mr. Cordero now asks the Court to reconsider its prior ruling for substantially the same reasons raised in his first motion. Transfer Mot., ECF No. 985.

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Mr. Cordero has not met this standard. As the Court explained in its prior order, Mr. Cordero has

sufficient access to the courts because he "currently has counsel, and would continue to have

standby counsel if he proceeds *pro se* at trial." Ruling and Order at 27 (citing *Fernandez v.*

*Lantz*, No. 3:09-cv-1339 (JCH), 2010 WL 1719359, at *5 (D. Conn. Apr. 27, 2010) (finding that

it was a "reasonable application of federal law" for the Connecticut Supreme Court to conclude

that the availability of assistance from standby counsel satisfied the obligation to provide

meaningful access to the courts)).[4]

Accordingly, Mr. Cordero's Motion for Reconsideration of the Court's denial of his

motion for transfer to a different correctional facility will be denied.

## III.    CONCLUSION

For the reasons explained above, the Motion for Reconsideration, ECF No. 957; Motion

to Establish, ECF No. 958; Motion to Bar Prosecution, ECF No. 959; Motion to Compel, ECF

No. 982; Motion in Limine, ECF No. 983; and Motion for Reconsideration of Transfer, ECF No.

985, are **DENIED**.

The Court finds that these motions were either frivolous or duplicative of motions that the

Court denied in its July 20, 2022, Ruling and Order. Any further motions will be denied if Mr.

Cordero does not explain how they are different and distinct from any and every motion he has

previously filed. *Cf. In re Martin-Trigona*, 9 F.3d 226, 228–29 (2d Cir. 1993) (recognizing that

"courts may resort to restrictive measures [with respect to] litigants who have abused their

litigation opportunities"); *United States v. Liounis*, Nos. 12-cr-350, 17-cv-7013, 2018 WL

9662488, at *2 (E.D.N.Y. July 16, 2018) ("The Court need not—and will not—sit idly by as the

---

[4] The Court has endeavored to address each of the arguments in Mr. Cordero's motions. For the avoidance of doubt, and to the extent any argument has not been expressly addressed in this Ruling and Order, the Court notes that it has considered all of the arguments in Mr. Cordero's motions, and finds no basis on which to grant any of his requests for relief.

defendant proceeds to strip the gears of justice with repeated, repetitive, voluminous, and, above all, frivolous motions that would litigate his conviction anew."); *Persaud v. United States*, No. 04-cv-2862, 2010 WL 538823, at *5 (E.D.N.Y. Feb. 11, 2020) ("Frequent frivolous filings work to diminish the ability of the courts to manage their dockets for the efficient administration of justice.").

      **SO ORDERED** at Bridgeport, Connecticut, this 23rd day of September, 2022.

                           /s/ Victor A. Bolden
                         Victor A. Bolden
                         United States District Judge